UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FRANCIS G. "BUDDY" ALLEMANG | * | CIVIL ACTION |
| VERSUS | * | DOCKET NO. _____ |
| STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY (LOUISIANA OFFICE OF STATE POLICE, TROOP D), ET AL. | * | JUDGE _____ |
| | * | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

The Department of Public Safety & Corrections (Office of State Police) ("DPSC") and Freddie Rogers ("Rogers") hereby file notice pursuant to 28 U.S.C. § 1441, *et seq.*, that the claims of the plaintiff, Francis G. "Buddy" Allemang (referred to herein as "the Plaintiff"), have been removed from the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana.

1.

A civil action bearing Docket No. 2016-3495 Div. G and entitled "Francis G. "Buddy" Allemang v. State of Louisiana through the Department of Public Safety (Louisiana Office of State Police, Troop D) and M/T F.S. "Freddie" Rogers," was commenced on August 19, 2016 in the 14th Judicial District Court in and for the Parish of Calcasieu State of Louisiana, and that action is now pending in Calcasieu Parish.[1]

---

[1] Exhibit "A," *in globo*, Certified State Court Record dated January 24, 2019, pp. 2-5, Petition for Damages.

Page 1

2.

The plaintiff alleges in the Petition for Damages that after he stopped at a DWI checkpoint and after Master Trooper Rogers administered a field sobriety test to him on August 21, 2015, "Rogers placed [the plaintiff] under arrest" and "transported [him] to the CPSO jail for processing" – acts that the plaintiff alleges "constituted a false arrest" for which DPSC "is vicariously liable."[2]

3.

The plaintiff further alleges that Rogers' actions "violated [his] right to due process of law afforded by Louisiana Constitution Article 1, Section 2, his right to privacy afforded by the Louisiana Constitution Article 1, Section 5, Louisiana Civil Code Article 2315, his other rights provided by Louisiana law and his rights provided by the United States Constitution and laws."[3]

4.

The plaintiff concludes the Petition for Damages by stating that he is entitled to be compensated for the "deprivation of his constitutional rights and for the other elements of damage provided by Louisiana law." [4]

5.

Other than to loosely refer to "rights provided by the United States Constitution and laws," in a single sentence, the original petition identifies no particular federal law, treaty or

---

[2] Exhibit "A," *in globo*, Certified State Court Record dated January 24, 2019, pp. 2-4, paragraphs nos. 2-4, 7 and 13 of the Petition for Damages.

[3] Exhibit "A," *in globo*, Certified State Court Record dated January 24, 2019, pp. 3-4, paragraph no. 13 of the Petition for Damages.

[4] Exhibit "A," *in globo*, Certified State Court Record dated January 24, 2019, p. 4, paragraph no. 14 of the Petition for Damages.

constitutional provision under which the action is brought and therefore failed to give rise to an assertion of federal question jurisdiction under 28 U.S.C. § 1331.

6.

The Petition for Damages also identified no claim rooted in recovery for: (1) an injury or deprivation of any right or privilege by an act committed in furtherance of any conspiracy under 42 U.S.C. § 1985; (2) redress of any deprivation, under color of State law, of any right, privilege or immunity secured by the United States Constitution;[5] or (3) other behavior identified in 28 U.S.C. § 1343(a) which would have afforded original jurisdiction to a federal district court and therefore, grounds for removal did not exist under the plaintiff's original filing.

7.

On July 23, 2018, the plaintiff filed a First Supplemental and Amending Petition for Damages in which he supplements his original petition to add to the end of paragraph no. 13 (the paragraph in which the phrase "right to due process" appears) the phrase "including but not limited to the 14th Amendment and 42 U.S.C. Section 1983."[6]

---

[5] The facts as the plaintiff portrays them at this point in the proceeding did not demonstrate anything more than negligence – as opposed to a pattern or practice of deliberate indifference – on the part of Rogers.  Furthermore, negligence is not enough to impose Section 1983 liability, and Section 1983 does not recognize vicarious liability.

See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Oliver must satisfy a heightened pleading standard to state a claim against Scott and Johnson in their individual capacities. Baker, 75 F.3d at 194.  Section 1983 does not create supervisory or respondeat superior liability.  The individual officials may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." Grandstaff v. City of Borger, 767 F.2d 161, 169, 170 (5th Cir. 1985).  Oliver's complaint fails to identify specific policies or to explain how they permitted or possibly encouraged cross-sex strip searches and monitoring. He must plead such specific facts to survive a rule 12(b)(6) motion to dismiss claims against Scott and Johnson in their individual capacities.") (internal footnote omitted).

[6] Exhibit "A," in globo, Certified State Court Record dated January 24, 2019, p. 87, paragraph B of the First Supplemental and Amending Petition for Damages.

8.

Other than to add a reference to the 14th Amendment, the plaintiff's first supplemental and amended petition identifies no particular substantive or procedural due process claims that allegedly were violated, much less the person or entity who allegedly committed any such violation.[7]

9.

Despite the lack of clarity, all of the plaintiff's claims against Rogers seemingly are asserted in an official capacity because the plaintiff nowhere states that his claims are made against Rogers in his individual capacity.[8]

10.

In fact, all counsel participated in a closed courtroom proceeding in the district court related to a discovery motion on the very same day that the first supplemental and amended petition was filed, and plaintiff's counsel represented to the court at that time that the plaintiff's injury resulted from a municipal "system" (i.e., a policy and/or custom of deprivational acts):[9]

---

[7] *See Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F.Supp.2d 605, 632, 633 (W.D. La. 2013) ("Although the plaintiffs broadly allege in a conclusory fashion that they are asserting due process claims (Rec. Doc. 74 at ¶ 1), there are no allegations specifically alleging that any particular plaintiff actually had a property interest, or that he or she was deprived of a property interest, or that he or she was denied the opportunity to be heard at a meaningful time and in a meaningful manner. . . . Based on the allegations set forth in the plaintiffs' complaints, the undersigned finds that the plaintiffs have not alleged a sufficient factual basis for their . . . procedural due process claims.").

[8] *See, e.g., Goodman v. Harris County.*, 571 F.3d 388, 395-396 (5th Cir. 2009), *cert. denied*, 558 U.S. 1148, 130 S.Ct. 1143, 175 L.Ed.2d 973 (2010) ("Goodman does not specify whether her claims against Hickman arise in his official or personal capacity. Because official capacity suits are really suits against the governmental entity, Goodman's attempt to hold Hickman liable for failing to train and supervise Ashabranner, if in his official capacity, is subsumed within her identical claim against Harris County. Thus, her § 1983 claim against Hickman must be viewed as one asserted against him in his personal capacity if it is to survive independently."); *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, at *3 (5th Cir. 2001) (unpublished opinion); *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

[9] Exhibit "B," July 23, 2018 hearing transcript, pp. 11-12.

THE COURT:

I don't know the basis for the closed hearing. This is my first appearance with this case, so I don't know much of what's going on with it.

MR. MORRIS:

Judge, just a quick background. It's a case resulting from what we allege is a false arrest, false DWI arrest, and temporary imprisonment. And we allege that it was part in parcel of a system that was ongoing with the Louisiana State Police Troop D where they, uh -- troopers were given incentives to -- to make DWI arrests, not convictions, but were definitely given incentives to the point where they could --

Cyndie L. McManus, CCR
Official Court Reporter
P.O. Box 3210
Lake Charles, LA 70602
Office (337) 721-3100

11

if they make a DWI arrest in the morning, they could be taken off the call list until the very end for that day, things like that. And, also, there was some punishment such as, we're alleging, depriving troopers of their patrol units if they did not make enough DWI arrests.

THE COURT:

You're talking like quotas or something?

MR. MORRIS:

And we allege that it's in direct violation of the quota statute, absolutely. And the amended petition that I just filed cleans that up as far as some other allegations that have come to light or information, I'm sorry, allegations based upon information that we think has come to light. Anyway, there was -- a while back there were internal affairs investigations.

11.

These statements cultured the notion that the plaintiff's claims against Rogers were official capacity claims only.[10]

12.

Because lawsuits against a state employee such as Rogers in an official capacity are generally perceived as claims against the state entity that employs the individual (here, DPSC) and because the Eleventh Amendment bars suits against state agencies, federal court lacked subject-matter jurisdiction to decide any federal question gleaned from the plaintiff's first supplemental and amended petition.[11]

13.

Simply stated, this matter was not removable when the first supplemental and amended petition was filed because this Court lacked subject-matter jurisdiction to decide claims asserted

---

[10] *See, e.g., Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997):

> Instead, in *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. See *Monell, supra,* at 694, 98 S.Ct., at 2027; *Pembaur, supra,* at 480–481, 106 S.Ct., at 1298–1299; *Canton, supra,* at 389, 109 S.Ct., at 1205. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Monell, supra,* at 694, 98 S.Ct., at 2027. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. 436 U.S., at 690–691, 98 S.Ct., at 2035–2036 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 1613–1614, 26 L.Ed.2d 142 (1970)).
> * * *
> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

[11] *See Mahogany v. Louisiana State Supreme Court,* 262 Fed.Appx. 636 (5th Cir. 2008).

Page 6

against DPSC and the individual state trooper (here, Rogers) in his official capacity due to the Eleventh Amendment.[12]

14.

After the first supplemental and amended petition was filed and because the plaintiff's claims were vague, undersigned counsel asked plaintiff's counsel to provide specificity about the nature of the plaintiff's claims and more specifically, to confirm that the plaintiff's claims were brought solely in an official capacity: [13]

> That is, it is unclear whether the claims being asserted against Rogers are in an individual capacity or an official capacity. The latter seems to be the case given that there is a claim for relief under Section 1983, which protects individuals from state action. If so and the plaintiff's claims against Rogers are of an official capacity, we believe a dismissal of Rogers is in order because claims against a state employee in an official capacity are effectively claims against the state entity for whom he works. Having him in the case is redundant and unnecessary (see Monell), so an exception of no cause of action has been drafted to secure a dismissal of Rogers or alternatively, to prompt an amendment to the petition which clarifies the nature of the claims being asserted against Rogers and/or the LDPSC. As you know, the nature of the claims against Rogers necessarily dictates the immunities and defenses that may be asserted and/or claimed. Furthermore, it will dictate the scope of discovery that remains to be done in the case.

> In the same vein, we question whether the plaintiff means to pursue an official capacity claim insofar as the petitions allege that the LDPSC is vicariously liable for Rogers' actions yet there is no vicarious liability under Section 1983. That is, the LDPSC as an entity must be alleged to have committed the constitutional violation set forth in the petition(s). If that is the case, an exception of no cause is appropriate because the petitions do not set forth how the LDPSC caused damage to the plaintiff in this particular case.

15.

On January 7, 2019, the plaintiff submitted a motion for leave to file a second supplemental petition for damages to the clerk of court for filing.[14]

---

[12] *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999) (holding that the Eleventh Amendment bars a Section 1983 claim against DPSC); and *Francisco v. Edmonson,* 13-0815, (W.D. La. Sept. 29, 2014) 2014 WL 4929329, at *2 ("The magistrate judge found this Court lacks jurisdiction over plaintiff's § 1983 claims against the aforementioned troopers, however, this Court would note this statement keys to the extent such claims are *official-capacity claims,* and indeed, that finding is correct.") (original emphasis).

[13] Exhibit "C," November 1, 2018 email to plaintiff's counsel.

[14] Exhibit "D," *in globo,* Second Supplemental Petition for Damages and related motions and orders.

16.

The second supplemental petition reflects this amended caption:[15]

FRANCIS G. "BUDDY"                   14TH JUDICIAL DISTRICT COURT
ALLEMANG

Vs. No. 2016-3495 G                  PARISH OF CALCASIEU

STATE OF LOUISIANA
THROUGH THE                          STATE OF LOUISIANA
DEPARTMENT OF PUBLIC
SAFETY (LOUISIANA STATE
POLICE, TROOP D) AND
M/T F.S. "FREDDIE" ROGERS,
INDIVIDUALLY

17.

The second supplemental petition further identifies Rogers as a defendant in his

individual capacity:[16]

Named Defendants and the manner in which they may be served are:

a. The State of Louisiana through the
Department of Public Safety (Louisiana State
Police, Troop D) hereinafter referred to as
"LSP;" and

b. M/T F.S. "Freddie" Rogers, Individually, a Louisiana State
Trooper, hereinafter referred to as "Rogers," who may be served
at his place of employment, Louisiana State Police Troop D, 805
Main St., Lake Charles, LA 70615.

18.

The second supplemental petition then specifically alleges that Rogers: (1) "wrongfully

placed Petitioner under arrest . . . in violation of Petitioner's 4th Amendment right," (2) deprived

Petitioner of his rights "provided by . . . the 4th and 14th amendments, as well as 42 U.S.C.

Section 1983," and (3) cannot avail himself of a qualified immunity defense.[17]

---

[15] Exhibit "D," *in globo*, Second Supplemental Petition for Damages and related motions and orders, p. 1 (emphasis added).

[16] Exhibit "D," *in globo*, Second Supplemental Petition for Damages and related motions and orders, p. 1, paragraph 1 (emphasis added).

[17] Exhibit "D," *in globo*, Second Supplemental Petition for Damages and related motions and orders, pp. 2, 3, paragraphs nos. 7, 10 and 13.

19.

For the first time since the inception of this case, the second supplemental petition clearly identifies a claim by the plaintiff against Rogers in an individual capacity and (unlike the official capacity claims against DPSC and Rogers which could not be removed for lack of subject-matter jurisdiction) gives rise to subject-matter jurisdiction which supports removal.

20.

This civil action now is one in which the United States District Court for the Western District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and 1343 and because the claims asserted arise under a federal statute, namely 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments to the U.S. Constitution.[18]

21.

A constitutional tort claim under § 1983 is facially removeable because it is a civil action founded on claims under the Constitution and/or laws of the United States.[19]

22.

Venue of the removed action is proper in this Court because the parish from which the state court action has been removed belongs to and/or forms part of the United States District Court for the Western District of Louisiana, Lake Charles Division.[20]

---

[18] Exhibit "D," *in globo*, Second Supplemental Petition for Damages and related motions and orders, pp. 2, 3, paragraphs nos. 7, 10 and 13.

[19] *Quinn v. Guerrero*, 863 F.3d 353, 358-359 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 682, 199 L.Ed.2d 537 (2018); *Carr v. Capital One, N.A.*, 460 Fed.Appx. 461, 467-468 (5th Cir. 2012).

*See also* 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1441.

[20] *See* 28 U.S.C. § 1441(a).

23.

This Notice of Removal has been filed within thirty days of the receipt of the plaintiff's Second Supplemental Petition for Damages. Therefore, this Notice of Removal is timely.

24.

By filing this Notice of Removal, DPSC and Rogers expressly consent to the removal to federal court.

25.

All process, pleadings and orders filed in the state court action are collectively attached hereto as Exhibit "A," *in globo*, and Exhibit "D," *in globo*.

26.

In accordance with the requirements of 28 U.S.C. § 1446(d), DPSC and Rogers have this day given and served written notice of this removal on all parties by mailing a copy of this pleading and all attachments thereto to the plaintiff's counsel of record, James R. Morris.

27.

Undersigned counsel certifies that a Notice of Filing Notice of Removal (attached hereto as Exhibit "E"), along with a copy of this Notice of Removal (including all referenced exhibits except Exhibit "B," which is a transcript from a closed/sealed courtroom proceeding), has contemporaneously been filed with the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, as is required by 28 U.S.C. §1446(d).[21]

28.

In accordance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of

---

[21] Exhibit "E," Notice of Filing Notice of Removal and attached Notice of Removal (without exhibits).

Removal are well-grounded in fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1441, *et seq.*

WHEREFORE, DPSC and Rogers pray that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, "Francis G. "Buddy" Allemang v. State of Louisiana through the Department of Public Safety (Louisiana Office of State Police, Troop D), et al.," bearing Docket No. 2016-3495 Div. G on the docket of the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, be removed from that court to the United States District Court for the Western District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which DPSC and Rogers might be entitled, and that all further proceedings in the state court be discontinued.

Respectfully Submitted,
JEFF LANDRY
Attorney General

BY: _____*Jennie Pellegrin*_____
JENNIE P. PELLEGRIN
La. Bar Roll No. 25207
jpellegrin@neunerpate.com
ELIZABETH BAILLY BLOCH
La. Bar Roll No. 37591
bbloch@neunerpate.com
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Drawer 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000  FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for The Department of Public Safety & Corrections (Office of State Police) and Freddie Rogers*

AND

JEREMIAH J. SAMS
La. Bar Roll No. 36274
samsj@ag.la.gov
LOUISIANA DEPARTMENT OF JUSTICE
DIVISION OF LITIGATION
556 Jefferson Street, 4th Floor
Lafayette, Louisiana 70501
TELEPHONE: (337) 262-1700  FAX: (337) 262-1707
*Assistant Attorney General and Counsel for The*
*Department of Public Safety & Corrections (Office*
*of State Police) and Freddie Rogers*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of The Department of Public Safety & Corrections (Office of State Police) and Freddie Rogers' Notice of Removal (with exhibits) was forwarded on Friday, February 1, 2019 to:

☐      Counsel for the plaintiff by United States mail, properly addressed and postage prepaid;
☐      All remaining counsel by United States mail, properly addressed and postage prepaid;
☐      Counsel for the plaintiff by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
☐      All remaining counsel by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
☐      Counsel for the plaintiff by facsimile transmission with confirmation;
☐      All remaining counsel by facsimile transmission with confirmation;
☐      Counsel for the plaintiff by hand delivery;
☐      All remaining counsel by hand delivery;
☒      Counsel for the plaintiff by electronic transmission; and/or
☐      All remaining counsel by electronic transmission.

_____
COUNSEL