UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANCES G. "BUDDY" ALLEMANG** | **:** | **DOCKET NO. 2:19-cv-00128** |
| **VERSUS** | **:** | **JUDGE SUMMERHAYS** |
| **STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY (LOUISIANA OFFICE OF** | **:** | |
| **STATE POLICE, TROOP D) ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand [doc. 5] filed by Francis G. Allemang ("plaintiff"). Defendants the State of Louisiana, through the Department of Public Safety & Corrections ("DPSC"), and Louisiana State Trooper Freddie Rogers ("Rogers") (collectively, "defendants") oppose the motion. Doc. 9. For the reasons stated below, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 5] be **DENIED**.

**I.**
**BACKGROUND**

On August 19, 2016 plaintiff filed suit against defendants Rogers and DPSC in the 14th Judicial Court for the Parish of Calcasieu, State of Louisiana. Doc. 1, att. 2, p. 2. In plaintiff's original petition, he alleges that Rogers's actions during and following a DWI checkpoint stop violated his "right to due process of law afforded by Louisiana Constitution Article 1, Section 2, his right to privacy afforded by Louisiana Constitution Article 1, Section 5, Louisiana Civil Code Article 2315," as well as "other rights provided by Louisiana law and the United States

Constitution." *Id.* at 3-4. Specifically, plaintiff contends that Roger's actions, for which DPSC is vicariously liable, constituted a false arrest. *Id.*

On April 17, 2018, Plaintiff filed a Motion to Compel [doc. 1, att. 2, p. 68] seeking documentation, recordings, and interviews concerning internal affairs investigations of Rogers and other members of the Louisiana State Police. Doc. 1, att. 3, pp. 19-20, 22. The hearing on the motion was held on July 23, 2018. *Id.* at 1. There, plaintiff's counsel stated that this case is "part in parcel of a system that was ongoing with the Louisiana State Police Troop D," explaining that officers were given incentives to make DWI arrests early in the day and punished if they failed to meet a certain quota. *Id.* at 11. Plaintiff argued the relevance of the information and its "crucial" role to the case as an aid in establishing the pattern, incentives, and punishments that had allegedly taken place. *Id.* at 9, 19, 34-35.

That same day plaintiff was granted leave to file his First Supplemental and Amending Petition (hereinafter "first amended petition") [doc. 1, att. 2, pp. 87-89], most notably adding a qualification that the alleged violations "includ[e] but [are] not limited to the 14th Amendment and 42 U.S.C. Section 1983." *Id.* at 87. In plaintiff's Second Supplemental and Amending Petition (hereinafter "second amended petition"), filed on January 31, 2019, the word "individually" was added next to defendant Rogers's name. Doc. 1, att. 5, p. 6. In other words, in this petition plaintiff alleged that Rogers was to be held liable in his individual, rather than official capacity.

Defendants removed the action to this court pursuant to 28 U.S.C. § 1331 on February 1, 2019. Doc. 1. In support of removal, defendants assert that the second amended petition clearly identified a claim giving rise to subject matter jurisdiction, that is, a federal claim against Rogers in his personal capacity. *Id.* at 9. Further, defendants allege that the original and first amended petitions lacked grounds for removal because they presented state law claims, hints of federal

claims that would not survive a motion to dismiss, and official-capacity claims over which the federal court would not have jurisdiction due to Eleventh Amendment immunity. Doc. 9, att. 1, pp. 5-6.

Plaintiff filed the instant Motion to Remand on February 26, 2019, arguing that the original and first amended petitions clearly assert a § 1983 claim against Rogers individually. Doc. 5, p. 2. Thus, because defendants failed to remove within thirty days of service of either petition, plaintiff contends removal was untimely. *Id.* He also claims that defendants' filing of a supervisory writ regarding attorney fees in the Third Circuit Court of Appeal constituted a waiver of removal rights. Doc. 5, att. 1, p. 2. Lastly, plaintiff maintains that the removal was not effected under 28 U.S.C. § 1446(d) because defendants failed to "promptly file a notice of removal" with the Third Circuit within thirty days of service of the pleading. Doc. 5, pp. 1-2.

## II.
### LAW & ANALYSIS

Any civil action brought in a State court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). For removal based on federal question jurisdiction, this thirty-day period starts to run when the pleading reveals on its face that plaintiff is asserting a cause of action based on federal law. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). When the initial

pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3). "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and the laws of the United States.  42 U.S.C. § 1983.  In order to hold defendants liable a plaintiff must allege facts to show (1) a violation of rights secured by the Constitution and laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 108 S.Ct. 2250, 2254-55 (1988); *See also Leffall*, 28 F.3d at 526.  With respect to an official-capacity claim under § 1983, plaintiff must allege that an official policy or custom of DPSC was a cause in fact of the deprivation of rights inflicted.  *Leffall*, 28 F.3d at 526.

In *Cevallos v. Silva*, 541 Fed.Appx. 390, 393 (5th Cir. 2013), the court held that the allegations in plaintiff's original petition, including violations of his civil and constitutional rights as well as assertions that officers had "acted under the color of law," were too ambiguous to establish federal question jurisdiction and therefore insufficient to survive a Rule 12(b)(6) dismissal.  The court reasoned that there was no mention of a specific claim under § 1983 or a violation of the United States Constitution.  *Id.* at 394.  In *Quinn v. Guerro*, 863 F.3d 353, 359 (5th Cir. 2017), the Fifth Circuit held that the district court did not err in denying plaintiff's Motion to

Remand, pointing to the *Cevallos* analysis in support. The court stated that plaintiff's references to "excessive force" and the city's failure to supervise were too ambiguous to constitute an affirmative allegation of a federal claim and thus did not trigger the thirty-day removal period. *Id.* Here, the existence of a federal claim is not in dispute. Rather, the parties disagree over which event first made it facially apparent that the matter was viably removable. Thus, we are left to consider whether the defendants filed their notice of removal within thirty days of receiving notice of a § 1983 claim being asserted against Rogers in his individual, as opposed to official, capacity.

### A. *The Initial Petition*

Plaintiff maintains that the original petition, or at the very least, the first amended petition raises a federal question claim and subsequently that defendants' removal was untimely. Doc. 5, p. 2. Defendants assert that the original and first amended petitions "did not clearly and positively identify a federal question over which the federal district court would have had original jurisdiction." Doc. 9, att. 1, p. 5. Specifically, they contend that the first two petitions did not establish deprivation of any right or privilege afforded by the Constitution or that Rogers was "acting under color of State law," in an individual capacity and thus, removal of the matter would have been either premature or barred by the Eleventh Amendment. *Id.* at 5-6.

We agree with the defendant. Plaintiff's blanket assertion that his "due process rights" and "right to privacy" afforded by the Louisiana Constitution were violated, as well as his "other rights provided by the United States Constitution," does not affirmatively assert a § 1983 claim, let alone an individual-capacity claim against Rogers. *See Quinn*, 863 F.3d 353; *See also Cevallos*, 28 F.3d 521. To find that defendants should have removed the matter based upon the initial petition would contravene the purpose behind 28 U.S.C. §1446 of encouraging prompt and proper removals, while allaying protective removals made in an effort to avoid the lapse of the thirty-day time period.

*Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609-610 (5th Cir. 2018). Counsel for plaintiff confirmed defendants' uncertainty regarding a viable removal of the claims when he stated before this court, in the Motion to Remand hearing, that he did not think the original petition alone would support a removal.[1] Given that a federal claim was far from apparent on the face of the original petition, and in an effort to promote the purpose behind § 1446, we conclude that the removal period was not triggered by this petition.

### B. The First Supplemental and Amending Petition

Plaintiff argues that the allegations within the first amended petition of solidary liability and his entitlement to punitive damages, which are not recoverable for official-capacity § 1983 claims, provided adequate notice of an individual-capacity claim against Rogers. Doc. 5, att. 1, pp. 10-11. We do not accept that the first amended petition made it unequivocally clear and certain that the case was removable. As noted by the court in *Conway v. Pommier*, "the allegations set forth in the complaint and not the nature of the relief sought in the plaintiff's prayer determines whether a federal question has been stated." *Conway v. Pommier*, 15-02605, 2017 WL 951638, at *4 (W.D. La. 2017).

Although we are solely examining the petition, plaintiff's Motion to Compel and respective in-court representations made contemporaneously to the filing of the first amended petition give credence to defendants' confusion over whether the claim against Rogers was in his individual or official capacity. The transcript of the motion hearing shows a heavy emphasis on discovery that would serve to establish an official-capacity § 1983 claim, such as the policies, procedure, and customs of the Louisiana State Police. In a direct comment about the first amended petition, counsel for plaintiff states the amended petition "cleans [] up" allegations based on information

---

[1] Oral arguments were heard on June 4, 2019 regarding this Motion. *See* doc. 16.

received regarding internal affairs investigations. Doc. 1, att. 3, p. 12. Thus, plaintiff's argument that the first amended petition indicated a "unequivocally clear and certain" § 1983 claim against Rogers as an individual is counterintuitive to the representations made in court.

This lack of clarity is further reinforced by counsel for defendants' email to plaintiff's counsel on November 1, 2018. Doc. 1, att. 4. In the correspondence, defendants' counsel states she drafted an exception of no cause of action to dismiss Rogers from the suit in order to prompt clarification of the nature of the claims. *Id.* at 2. Thus, it is evident that the inclusion of the phrases "in solido" and "punitive damages" in plaintiff's prayer for relief is not dispositive of the nature of the § 1983 claim, and therefore, did not provide the requisite notice to Rogers of his individual liability.

### C. *The Second Supplemental and Amending Petition*

Defendants maintain that the grounds for removal were clear and unequivocal only upon receipt of plaintiff's second amended petition. Doc. 1, p. 9. Thus, they assert that their removal within thirty days of receiving this petition was timely. Doc. 9, att. 1, p. 7. We agree. As mentioned above, the previous petitions were insufficient to allege a personal-capacity claim against Rogers. Further, the second amended pleading was filed in response to opposing counsel's email requesting clarification as to the nature of the claims. *See* doc. 1, att. 4. It was the addition of the word "individually" following the naming of Rogers as a defendant that provided clear and unequivocal notice of a federal claim asserted against Rogers in his *individual* capacity. Doc. 1, att. 5, ¶ 1. Consequently, the removal clock was triggered on January 8, 2019, the date that defendants were served with the second amended petition, rendering defendants' February 1, 2019 filing of the notice of removal [doc. 1] timely. Doc. 1, att. 5, p. 5.

We also reject plaintiff's other arguments for remand. Defendants' filing of a supervisory writ in the Third Circuit Court of Appeal did not waive their removal rights because the filing was not a clear and unequivocal waiver and, further, the writ concerned attorney fees not a decision on the merits. Defendants satisfied the requirements of 28 U.S.C. § 1446(d) by promptly notifying the 14th Judicial District Court of its filing of the notice of removal on February 1, 2019, the same day that the notice of removal was filed with this court.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the plaintiff's Motion to Remand [doc. 5] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of June, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE