# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANCIS G. ALLEMANG** | : | **CIVIL ACTION NO. 2:19-cv-0128** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Sanctions filed by defendants Louisiana Department of Public Safety & Corrections and Freddie Rogers. Doc. 79. The motion is opposed by plaintiff Francis Allemang. Doc. 86.

For the reasons stated, the Motion for Sanctions should be **GRANTED**.

## I.
### BACKGROUND

Plaintiff filed a petition for false arrest in violation of his rights under the U.S. and Louisiana Constitutions in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against defendants. Doc. 1, att. 2, pp. 2–5. Defendants removed the matter to this court. Doc. 1. On motion for summary judgment, this court dismissed the state and federal law claims [docs. 47, 94], and the Fifth Circuit Court of Appeals affirmed. Doc. 101. Following the Fifth Circuit's ruling, we allowed movants to supplement the existing motion and respondent to reply. Doc. 102.

Before removal, the parties entered into a Stipulated Confidentiality and Protective Order and Agreement of Confidentiality [doc. 1, att. 2, pp. 44–50] "to facilitate the exchange of confidential information" in this case. Doc. 1, att. 2, p. 44. The purpose of the order is to "protect the respective interests of the parties and to facilitate the progress of disclosure and discovery." *Id.*

After removal, the parties expressly acknowledged that they "will continue to be bound" by the Protective Order when they jointly filed their Rule 26(f) Report [doc. 24], and this court has subsequently enforced the Protective Order. *See* docs. 37, 44, 73.

Defendants claim plaintiff's counsel violated the Protective Order by twice failing to file confidential documents[1] under seal. Doc. 79, att. 1, p. 5. Plaintiff's counsel admits he "inadvertently failed to file certain confidential documents under seal." Doc. 86, p. 1. In both instances, defendants contacted the court and got the appropriate information filed under seal. *See* docs. 44, 73.

After the second instance of plaintiff's failure to file documents under seal, defendants filed the instant Motion for Sanctions. Doc. 79. Specifically, defendants seek attorney's fees incurred by preparing their two motions sealing the exhibits and the instant Motion for Sanctions. Defendants also ask us to take additional action that may be warranted or requested by defendants. Doc. 79, p. 10. The motion is opposed by plaintiff. Doc. 86.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(b) empowers the courts to impose sanctions for failure to obey discovery orders. "In addition to a broad range of sanctions, including contempt, [Rule 37(b)(2)] authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)); *Roadway Express, Inc. v. Piper*, 100 S.Ct. 2455,

---

[1] First, plaintiff's counsel failed to file confidential documents under seal when filing a Memorandum in Opposition to defendants' Supplemental Motion for Summary Judgment [doc. 35]. Doc. 39. Less than twenty-four hours later, defendants moved to seal the attachments containing confidential information. Doc. 42. Second, plaintiff's counsel filed a Memorandum in Opposition to defendants' Motion for Summary Judgment [doc. 52] and its attachments, again without filing confidential information under seal. Doc. 70. A little more than thirty-six hours later, defendants moved to seal the documents containing confidential information. Doc. 72. Both motions to seal were granted. Docs. 44, 73.

2462–63 (1980). We have broad discretion under Rule 37(b) to fashion remedies suited to the misconduct. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). This discretion, however, is limited. *Smith & Fuller*, 685 F.3d at 488. Usually, "a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.* (quoting *Pressey*, 898 F.2d at 1021) (brackets in original). Lesser sanctions do not require a finding of willfulness. *See Chilcutt v. United States*, 4 F.3d 1313, 1322 n. 23 (5th Cir. 1993). The imposition of sanctions is a matter of discretion for the district court. *Shipes v. Trinity Industries*, 987 F.2d 311, 323 (5th Cir. 1993) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 202 (5th Cir. 1992)).

The parties agree that plaintiff's counsel violated the Protective Order. Docs. 79, 86. Despite this agreement, plaintiff argues that the imposition of monetary sanctions is not warranted. Doc. 86, p. 3. Plaintiff posits that "there is no evidence confidential information has been disseminated" because defendants' counsel swiftly filed motions to place the confidential information under seal. *Id.* Plaintiff's counsel also "assure[s] the Court and Defendants he will never again violate the Confidentiality Agreement," so sanctions are not necessary to achieve Rule 37(b)'s intended purpose. *Id.* at pp. 3–4. Counsel then apologizes to opposing counsel, defendant Rogers, and the court and asks the court to give him another chance to comply before sanctioning him. *Id.* at p. 4. Defendant doubts that plaintiff's counsel's failure to abide by the Order was inadvertent but claims that even if inadvertent, sanctions are still available. Doc. 89, p. 2.

We agree that sanctions are available here. The Fifth Circuit has supported imposing Rule 37(b) sanctions for violation of Rule 26(c) protective orders, even if the violation is inadvertent. *See Smith & Fuller*, 685 F.3d at 490 (finding that a protective order that prescribed the method and terms of the discovery of confidential material "was granted 'to provide or permit discovery' of

confidential documents within the meaning of Rule 37(b)"). Plaintiff's counsel maintains that sanctions are meant to deter further infractions, not to punish and thus, are unwarranted because the matter is closed. Doc. 104, p. 2. However, the Fifth Circuit has said that the sanction of attorney's fees "is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985). Additionally, sanctions under Rule 37 are also meant to reimburse the moving party. *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). Thus, sanctions are not unwarranted just because plaintiff's counsel has no further opportunities to potentially violate the Protective Order.

Finding that plaintiff's counsel violated the Protective Order and finding that sanctions are warranted, we must now determine the sanctions necessary to achieve the purposes of Rule 37(b). Rule 37(b)(2) sanctions "must be both just and specifically related to the claim at issue in the discovery order." *Vicknair v. Louisiana Dep't of Pub. Safety & Corrs.*, 555 F. App'x. 325, 332 (5th Cir. 2014). The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith & Fuller*, 685 F.3d at 488–89. When awarding attorney's fees, we can only order payment of expenses actually "*caused* by the failure to comply." *Batson*, 765 F.2d at 516 (emphasis in original).

We first consider the severity of the violation to determine what sanctions to impose. In determining the severity of the violation, we consider the actual harm so we can tailor the sanction to the harm caused. *Ross v. Dejarnetti*, No. 18-11277, 2021 WL 24706, at *6 (E.D. La. Jan. 4, 2021) (citing *Smith & Fuller*, 685 F.3d at 490). Defendants suggest they were harmed because the confidential documents were "accessible to the public at large." Doc. 89, p. 2. However, just because the documents were available does not mean they were accessed by members of the public.

*Ross*, 2021 WL 24706, at *6. Defendants acknowledge that these documents might not have been accessed during the period they were unsealed. Doc. 79, p. 10. In fact, defendants "urge" the court to review the electronic logs to find this information instead of assessing for themselves whether any harm had actually occurred as a result of plaintiff's counsel's filing error. Additionally, we gave the parties an opportunity to supplement the existing motion after the Fifth Circuit affirmed the summary judgment dismissal of the substantive claims. Doc. 102. Despite this opportunity, defendants still did not provide the court with any information assessing the harm suffered.

The Fifth Circuit has found that it was appropriate to award sanctions when the inadvertent dissemination of confidential information was viewed and accessed by the public. *Smith & Fuller*, 685 F.3d at 490. In *Smith & Fuller*, the court had evidence that the public had actually viewed and accessed the confidential information. *Id.* at 487. Moreover, the party who originally produced the confidential information only found out about the violation of the protective order when they were sued by a third party who had received the confidential information. *Id.*

Contrarily in this case, we have received no evidence that the public ever viewed or accessed the confidential information during the time it was public record. We are inclined to believe that the filing of confidential information without placing it under seal was likely due to a lack of diligence and proper cautiousness, but inadvertent. Furthermore, defendants swiftly moved to rectify the situation. They did not find out about the situation from a third party, did not need to investigate to find out what happened, and did not need to claw back any of the documents from persons not bound by the Protective Order. Thus, this situation is distinguishable from *Smith & Fuller*.

Defendants point out that plaintiff's counsel shared confidential information and documents with Wayne Steve Thompson, plaintiff's retained expert, who said the "public should

know" about the substance of the documents protected by the order. Doc. 79, att. 1, pp. 8–9. However, disclosure of information to Mr. Thompson was not a violation of the order[2] because he signed a copy of the Protective Order and agreed to be bound by it. Doc. 86, p. 2. Further, there is no evidence that Mr. Thompson ever shared the confidential information with the public. Because we have received no evidence that the public viewed or downloaded the confidential documents, we find that there is insufficient information to establish any harm actually suffered by defendants. Thus, we think attorney's fees, one of the least severe sanctions under out authority, is the only sanction appropriate to consider imposing.

"Complete good faith compliance with protective orders is essential to modern discovery practices and counsel must temper their zeal in representing their clients with their overreaching duty as officers of the court." *Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671, 676 (E.D. Tex. 2015). The purpose of Rule 37 is to promote among counsel cooperation and exchange of information. *Ross*, 2021 WL 24706, at *7. While the court is not in the job of sanctioning every possible violation, we must consider sanctions for their deterrent and penal value. Though we find defendants have not adequately shown they suffered actual harm, we find it appropriate to award attorney's fees to penalize plaintiff's counsel for failing to exercise due care in filing documents with the court and violating the Protective Order. Furthermore, we think an appropriate sanction here will deter others from violating protective orders and improperly filing confidential information in future cases.

Now we must determine the amount of attorney's fees to award. Defendants' counsel provided us with an affidavit from the lead defense attorney, which showed counsel expended a

---

[2] The order dictates that protected documents and information shall be disclosed only to qualified persons, including "[i]ndependent outside experts . . . retained by counsel or attorneys in connection with this action" provided that such experts sign an agreement to be bound by the order. Doc. 1, att. 1, pp. 46–47.

total of 34.1 hours handling plaintiff's counsel's violations of the order. *See* doc. 103. This affidavit also attested to the hourly rates of the defense attorneys who worked on this matter. The affidavit of counsel "may alone be sufficient proof for purposes of Rule 37 to establish the amount of fees to be awarded." *Smith & Fuller*, 685 F.3d at 491. Thus, the $5,272.50 lodestar offered by defendants' counsel [doc. 103, ¶ 7], and not disputed by plaintiff's counsel, is reasonable and appropriate.

### III.
#### CONCLUSION

For the reasons discussed above, the court **GRANTS** the Motion for Sanctions.

**IT IS ORDERED** that James R. Morris pay attorney's fees in the amount of $5,272.50, payable to the law firm of NeunerPate. This amount is to be paid within ten days from the entry of this Memorandum Order.

THUS DONE AND SIGNED in Chambers this 25th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE